# BALTIMORE CITY COURT

Filed August 28, 1889.

### THE SUN FIRE OFFICE OF LONDON

### VS.

### THE CHEMICAL COMPANY OF CANTON.

STEWART, J.—

This suit was instituted to recover the sum of $68.40 for premiums on insurance effected by the defendant on its property in January, 1888. The evidence shows that the insurance was effected through Henry T. Botts & Co., agents of the plaintiff, in Savannah, by W. Horace L. Spice, of Baltimore, whom they knew to be an insurance man, and who, by the custom of that city, was regarded as the agent or broker of the defendant.

The proof further shows that the premium, under the requirement of the plaintiff, was paid in due course of business by its agents, on the first of the month succeeding the insurance. In fact the agents are liable for the premiums under their contract with the company, whether they receive them or not.

The defendant had never, in fact, constituted Spice its agent to effect insurance; he was an insurance broker and solicited the insurance, and having obtained from the agents of the plaintiff in Savannah the policies in question, he delivered them to the defendant and obtained the premiums due thereon. No bills were ever presented by the plaintiff or its agents to the defendant for insurance, and the bills in this case were made out against Spice.

The Court cannot, upon any rational ground, find for the plaintiff, in this action. In the first place, it has received the premiums, and cannot recover them a second time. The statement of the plaintiff that the money to pay these premiums was advanced by the Savannah agents, out of their private funds, in order that they might comply with its requirements, as to furnishing an account covering the previous months' business, and draft to balance same does not mend the matter. The money has been paid to the plaintiff, no matter by whom, and the debt so far as it is concerned is cancelled; hence it follows that no debt existing to the plaintiff, there is no power to assign or transfer to its agents what has ceased to exist.

The plaintiff having no right to maintain this suit, under the circumstances mentioned, the question is raised whether its Savannah agents having paid the premiums on the defendant's policy, a suit could not be maintained in the name of the surviving agent against the defendant. It would seem premature to decide the question before it arises between the proper parties. The agents of the plaintiff certify that they regarded the broker as the agent of the defendant, under a custom alleged to exist in Savannah, and from the terms of Spice's letters and telegrams. The custom is not shown to have been known to the defendant, or even to Spice the broker, and there is nothing in Spice's correspondence from which it could be inferred that he was the agent of the defendant; in fact, in his letter of 26 of January, 1888, he tells the Savannah agents that they had sent the policies covering cargo of the Lizzie Dewey in order except that none of them were signed, which he, Spice, had signed for them, not having time to return them for that purpose. The fact that he had signed their names to those policies, does not seem to have been disavowed by the Savannah agents; if not approved by them, it follows that there had not been any insurance effected on the cargo of the Lizzie Dewey. How then could Henry T. Botts & Co. have supposed that Spice was agent of the defendant? Sound policy requires that a person should not be allowed to act as agent for adverse parties. The Savannah agents put it in the power of Spice to collect the premiums from the defendants, as if he had legal authority to do so, and when one of two innocent parties must suffer, it should be the one who is most in fault, who should bear the loss. The defendant having paid once, should not in this

case be made to pay again. The judgment will be reversed and judgment rendered for the defendant.

The case of the Guardian Insurance Company against the same defendant is governed by the same principles, and will also be reversed, and judgment rendered for the defendant.